Jerry WINNICK, Appellant,

v.

**CHISAGO COUNTY BOARD OF COMMISSIONERS, et al., Respondents,**

**Wyoming Township Board, Respondent.**

No. C7–85–2072.

Court of Appeals of Minnesota.

July 1, 1986.

Dale Swanson, Forest Lake, for appellant.

Clair Cole, James T. Reuter, Asst. Co. Attys., Center City, for respondents.

Robert Rancourt, Alfred V. Alliegro, Lindstrom, for respondent.

Heard, considered and decided by LANSING, P.J., and FOLEY and WOZNIAK, JJ.

## OPINION

WOZNIAK, Judge.

This is an appeal from a judgment denying appellant Jerry Winnick's motion for partial summary judgment on respondents' liability for violation of 42 U.S.C. § 1983 and attorney's fees, and granting respondents' cross motions for summary judgment. We affirm the summary judgment on the section 1983 claim, but reverse and remand on the issue of Winnick's attorney's fees.

## FACTS

Winnick is the owner of property located in Wyoming Township, Chisago County, on which he desired to construct a building and operate a hardware store. In order to build, Winnick was informed by the respondent zoning administrator that he needed an amendment to the zoning code, a special use permit for the retail store, and a building permit, and referred him to respondent township for advisory consideration.

On October 28, 1980, respondent Wyoming Township Board considered the rezoning and special use permit applications and recommended denial. On October 30, 1980, the Chisago County Planning Commission (again for advisory consideration in accordance with the zoning ordinance) also recommended denial.

On December 4, 1980, the Chisago County Board of Commissioners approved the rezoning and a special use permit. On December 5, 1980, Winnick applied to the Chisago County Zoning Administrator for the special use permit and a building permit. On December 8, 1980, the township filed a purported appeal of the county board's legislative decision to the Chisago County Board of Adjustment which is administered by respondent zoning administrator. The zoning administrator then refused to issue the permits because of the appeal.

On January 2, 1981, Winnick brought an action in district court for equitable relief and damages. The court issued a temporary restraining order enjoining the Board of Adjustment from taking any action inconsistent with the Board of Commissioners' legislative action. On January 28, 1981, after a hearing, the court granted a temporary injunction prohibiting the Board of Adjustment from assuming jurisdiction and directing the zoning administrator to issue the permits upon Winnick's compliance with certain conditions for maintenance of the special use permit. Winnick complied with all regulations for the issuance of his building permit. The issue of attorney's fees was reserved.

All respondents except the township appealed this decision to the supreme court.[1] On March 31, 1981, the zoning administrator again refused to issue the permits pending the appeal.[2] On August 4, 1981, the

---

1. We note with some amazement the irreconcilable conflict of interest of the county attorney who conceded this conflict, with the resulting posture of Winnick's bearing the burden of asserting the authority and interests of the county board.

2. Contrary to the expectations of the trial court, the practical effect of this appeal was to stay the injunctive relief granted without the necessity of filing any bond as security for the rights of Winnick. *See* Minn.R.Civ.P. 62.04 and Minn.R. Civ.App.P. 108.

supreme court summarily affirmed the district court. Again, for no apparent reasons in the record, the building permit was not issued until some weeks later.

In May 1984, Winnick sought to amend his damage claim against respondents, and submitted an amended complaint in November 1984. The township moved for summary judgment against Winnick and attorney's fees. Winnick moved for partial summary judgment, arguing that respondents violated 42 U.S.C. § 1983 and that he was entitled to attorney's fees. The other respondents also then moved for summary judgment.

On April 12, 1985, the trial court denied Winnick's motion for partial summary judgment, finding that there was no taking of property for public use without compensation. The trial court reserved all other issues in order to allow Winnick two more weeks to more definitely state his section 1983 due process claim. After additional written statements by all parties, the trial court granted respondents' motions for summary judgment and denied Winnick's motion. The court denied attorney's fees to all parties.

Winnick filed a notice of appeal, and the township filed a notice of review on the issue of attorney's fees.

### ISSUES

1. Has Winnick established a claim under 42 U.S.C. § 1983?

2. Did the trial court abuse its discretion in not awarding attorney's fees to Winnick?

3. Did the trial court abuse its discretion in not awarding attorney's fees to the township?

### ANALYSIS

1. We begin this analysis by noting that the temporary injunction issued in 1981 is not res judicata on the issue of liability in Winnick's section 1983 claim. In issuing the temporary injunction, the trial court did not determine any part of the section 1983 issue.

In reviewing the adequacy of Winnick's claims under 42 U.S.C. § 1983, the court must consider whether there has been a "deprivation of any rights, privileges, or immunities secured by the Constitution and laws," as required by that statute. In his complaint, Winnick alleged a deprivation of property without due process in violation of the fourteenth amendment.

In *Hudson v. Palmer*, 468 U.S. 517, ——, 104 S.Ct. 3194, 3204 (1984), the Court stated that:

> an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available. For intentional, as for negligent deprivations of property by state employees, the State's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy.

*Id.*

In the present case, Winnick was given a postdeprivation hearing in which his position was fully vindicated. The procedures utilized by Winnick provided adequate protection to remedy the unauthorized misapplication of law by respondents. The Due Process Clause does not require more.

We have not considered or eliminated the possibility that Winnick may have a claim for damages under state law.

■ 2. In both his original motion for a temporary injunction and in his complaint, Winnick advised respondents that he was seeking fees under Minn.Stat. § 549.21 (1980).

Section 549.21 codified the common law rule that fees could be awarded "where an unfounded action or defense is brought or maintained in bad faith, vexatiously, wantonly, or for oppressive reasons." *Minnesota-Iowa Television Co. v. Watonwan T.V. Improvement Association*, 294 N.W.2d 297, 311 (Minn.1980) (quoting 6 J. Moore, *Moore's Federal Practice* § 54.-

77[2] (2d ed. 1976).[3] Because the trial court is in the best position to decide this issue, its decision will not be reversed absent an abuse of discretion. *See Blattner v. Forster,* 322 N.W.2d 319, 321 (Minn. 1982); *Cherne Industrial, Inc. v. Grounds & Associates, Inc.,* 278 N.W.2d 81, 97 (Minn.1979).

In the present case, the trial court found that Winnick did not establish frivolous, harassing, or bad faith actions on the part of respondents and refused to award fees under section 549.21. This was an abuse of discretion. The record speaks for itself.

At the hearing for the temporary injunction, the original trial judge indicated the vexatious, frivolous, and groundless position of the county:

> I have reviewed and studied the statute. * * * There is no way under that statute that anybody concerned in this case has got the right of appeal to this Board of Adjustments unless I just can't read. The statute isn't even ambiguous.
>
> *     *     *     *     *     *
>
> I guess my point is I have read the statutes and I have read them two or three times and I am not going to construe those statutes any different than I have. There is just no way that I can at this point and I don't want to take any more time. I don't see any point to file any memorandums. It's just a complete waste of time.
>
> *     *     *     *     *     *
>
> You can't expand this type of a statute to grant that type of authority, and in any event the statute has to be construed against your position even if it were ambiguous, but it isn't ambiguous. * * * It just doesn't say that and there is no way you can read that into that statute.
>
> *     *     *     *     *     *
>
> [Y]ou know, the unfortunate part of it is the plaintiff shouldn't have to be here

in court at all. He shouldn't have to be here in court at all, really.

Implicit in these statements is a finding that respondents' position had absolutely no basis in fact or law.

We agree with that finding. Respondents' actions in appealing to the Board of Adjustment and refusing to issue the permits during the pendency of that appeal were a flagrant abuse of process. For an attorney, learned in the law, to even suggest that a review board (consisting of private citizens appointed by an elected and governing county board) can overrule the final legislative decisions of that elected governing body is simply incredible. No other conclusion can be drawn but that respondents' actions and defenses were brought and maintained in bad faith, vexatiously, frivolously, for delay, and for oppressive reasons. Winnick is entitled to an award of attorney's fees, costs, and disbursements for the time period beginning with the zoning administrator's refusal to issue the permits in December 1980 through this appeal.

■ 3. The township asserts that it is entitled to attorney's fees in its notice of review. In view of the foregoing, this request is totally without merit. In view of the record, the town board could and should have simply withdrawn the appeal to the County Board of Adjustment.

## DECISION

1. Appellant was afforded sufficient postdeprivation process to satisfy the Due Process Clause and we therefore affirm the summary judgment against him on his section 1983 claim.

2. We reverse the trial court on the issue of Winnick's attorney's fees and remand for purposes of determining reasonable attorney's fees, costs, and disbursements commencing at the time the zoning administrator wrongly refused to issue

---

3. In 1982 the legislature amended section 549.21 to explicitly allow fees where a party has "asserted a claim or defense knowing it to be frivolous; asserted an unfounded position solely to delay the ordinary course of the proceedings or to harass; or committed a fraud upon the court." 1982 Minn.Laws ch. 601, § 2.

Winnick's permits in December 1980 through this appeal.

3. We affirm the trial court's refusal to award attorney's fees to the township.

Affirmed in part, reversed in part, and remanded.

LANSING, Judge (Concurring Specially).

I concur in the result.