# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-1381

_____

Christopher F. Janson

*Plaintiff - Appellant*

v.

Katharyn B. Davis, LLC

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 23, 2015
Filed: November 17, 2015

_____

Before MURPHY, MELLOY, and SMITH, Circuit Judges.

_____

MURPHY, Circuit Judge

Christopher Janson was sued by his landlord in Missouri state court for unpaid rent. The landlord's retained law firm, Katharyn B. Davis, LLC (Davis), filed an affidavit with the complaint which recited information received from its client. After a trial the state court entered judgment against Janson. He subsequently sued Davis in the Eastern District of Missouri for violating the Fair Debt Collection Practices Act (FDCPA). The complaint alleged that the law firm had violated that act by swearing

to an affidavit without personal knowledge of the facts. The defendant filed a motion to dismiss which was granted.[1] Janson now appeals, and we affirm.

Landlord Morgan Linen, LLC hired Katharyn B. Davis, LLC to bring a lawsuit in Missouri state court against Christopher Janson for unpaid rent and possession of a property. Christopher Basler, an attorney for the Davis firm, filed a complaint in April 2013 which was verified by affidavit as required by Missouri law. Basler filed the required affidavit. In his affidavit he stated under oath before a notary that Janson had rented a property in St. Louis at the rate of $1,100 a month, that he owed $4,400 in past due rent, and $685 for other charges. Basler also stated that the rent had been demanded from Janson and payment had not been made.

The case went to trial. Janson called Basler to testify about his affidavit. Basler testified that the only basis he had had for swearing to the truth of the affidavit was information from the landlord's agent. He also testified that it is his firm's standard practice for the attorney filing the action to swear to the required affidavit. The Missouri circuit court ruled on May 23, 2013 that Janson owed the landlord Morgan Linen $5,500 in past due rent and $1,500 in attorney fees.[2]

In April 2014, Janson filed this action in federal district court. He alleged that Davis had violated the FDCPA because Basler did not have personal knowledge of the facts and therefore did not know whether the information in the affidavit was true or not. Janson claimed that the filing of the affidavit was a "false, deceptive, or misleading representation" made in connection with collection of a debt in violation

---

[1]The Honorable Noelle C. Collins, United States Magistrate Judge for the Eastern District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

[2]The state court judgment was attached to defendant's motion to supplement the record on appeal; we now grant the motion to supplement.

of 15 U.S.C. § 1692e, and that it used "unfair or unconscionable means" to collect a debt in violation of 15 U.S.C. § 1692f. Janson sought damages for himself and a putative class of others who had been defendants in similar state court suits filed by the Davis firm. Davis filed a motion to dismiss, which was granted on December 11, 2014. The court reasoned that the substance of the affidavit, which stated that Janson owed rent, had not been alleged to be false or misleading. Janson now appeals.

Davis claims that the Rooker-Feldman doctrine deprives this court of jurisdiction because in the state court proceedings Janson had questioned Basler about the affidavit before judgment was entered. In Banks v. Slay, 789 F.3d 919, 922 (8th Cir. 2015), our court pointed out the "proper focus" of the Rooker-Feldman doctrine has been explained by the Supreme Court: it is confined to the narrow ground of barring state court losers from inviting federal review of state court judgments. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Janson alleges that an agent of Davis violated the FDCPA by swearing to an affidavit without knowing whether or not the information contained in the affidavit was true, but he does not allege that the information contained in the affidavit (that he owed rent) was false. Thus, his FDCPA suit is not directed at or attacking the state court judgment that he owed rent. Davis has not shown a lack of jurisdiction in this case.

Janson appeals the dismissal of his FDCPA suit. We review the grant of a motion to dismiss de novo, accepting the factual allegations in the complaint as true and making all reasonable inferences in favor of the plaintiff. McIvor v. Credit Control Servs., Inc., 773 F.3d 909, 912–13 (8th Cir. 2014). The complaint must contain sufficient factual matter to state a plausible claim for relief. Id. The FDCPA was passed "to eliminate abusive debt collection practices." Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 577 (2010). Accordingly, Section 1692e prohibits a debt collector from making a "false, deceptive or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692f forbids debt collectors from using "unfair or unconscionable

means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Jason alleges that by swearing to the truth of the affidavit without having personal knowledge of the facts contained within it, Davis violated both of these provisions.

When evaluating whether a communication is false, deceptive, or misleading, we consider the perspective of an "unsophisticated consumer." Peters v. Gen. Serv. Bureau, Inc., 277 F.3d 1051, 1055 (8th Cir. 2002). While this test protects consumers with below average intelligence, it also contains "an objective element of reasonableness" which precludes liability based on "bizarre or idiosyncratic interpretations" of collection activity. Id. (internal quotation marks omitted). Janson has not alleged that the defendant's attestation about the affidavit was literally false. He alleges that Davis attorneys such as Basler swear to the truth of the allegations in affidavits when in fact they do "not know whether the allegations are true or not." He does not allege that the attorneys swore to facts they know to be false, nor that he did not actually rent the property or owe rent.

Even if we were to assume that Basler's attestation were literally false, Janson has not plausibly alleged that he or anyone else was misled by that falsehood. In Hemmingsen v. Messerli & Kramer, P.A., 674 F.3d 814, 819 (8th Cir. 2012), our court rejected a claim that a debt collector violated §§ 1692e and 1692f with its litigation activity, in part because no one there "was misled, deceived, or otherwise duped" by the contested court filings. Id. (quoting O'Rourke v. Palisades Acquisition XVI, LLC, 635 F.3d 938, 945 (7th Cir. 2011) (Tinder, J., concurring)). The quoted concurring opinion in O'Rourke explains that courts link "false to misleading," meaning "[i]f a statement would not mislead the unsophisticated consumer, it does not violate the FDCPA—even if it is false in some technical sense." O'Rourke, 635 F.3d at 945. (Tinder, J., concurring) (internal quotation marks omitted).

Absent an allegation that he actually did not owe rent, Janson has not plausibly alleged that the defendant's practice misled the state court in any meaningful way.

-4-

Instead, Janson's complaint indicates that a trial was had in which the state court received evidence before rendering a judgment on the underlying rent issue. We agree with the district court that on this record the defendant did not use "unfair or unconscionable means" prohibited by 15 U.S.C. § 1692f. Other circuit courts have applied a similar analysis. See, e.g., Gabriele v. Am. Home Mortg. Servicing, Inc., 503 F. App'x 89, 93–96 (2d Cir. 2012) (concluding that plaintiff's allegations about defendant's court filings amounted to non misleading technical falsehoods which when made in the context of a state court adversary proceeding between two represented parties did not state plausible claims under §§ 1692e and 1692f of the FDCPA).

Since Janson has not alleged a plausible violation of the FDCPA and his class claims were properly dismissed, the judgment is affirmed.

_____