# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-2373

_____

Patrick Doyle

*Plaintiff - Appellant*

v.

Trans Union, Delaware; Citibank, N.A., South Dakota; Berman & Rabin, P.A., Kansas; Adam K. Berman, MO#56909; Ryan K. Bratcher, MO#63725; Morgan & Associates, P.C., Kansas; James L. Nelson, MO#64345; Does 1-10

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: February 4, 2016
Filed: March 23, 2016
[Unpublished]

_____

Before LOKEN, MURPHY, and BYE, Circuit Judges.

_____

PER CURIAM.

Citibank, through collection agents Berman & Rabin (B&R) and Morgan & Associates (M&A), sued Patrick Doyle and obtained a judgment in Missouri state court for unpaid credit card debt in 2008, and filed the judgment in Kansas state court

in 2011. Doyle subsequently filed a pro se complaint against defendants in the Western District of Missouri, alleging that his ex-wife owed the debt and that Trans Union violated the Fair Credit Reporting Act (FCRA), see 15 U.S.C. § 1681, by failing to investigate and delete information about the Citibank judgment after Doyle disputed its accuracy; that Citibank, B&R, and M&A violated the Fair Debt Collection Practices Act (FDCPA), see 15 U.S.C. § 1692, by collecting a debt from Doyle despite the lack of a contractual obligation, harassing Doyle, using deceptive means, and falsely representing the debt; and that Citibank, B&R, and M&A committed identity theft under Missouri law, see Mo. Rev. Stat. § 570.223, by using his social security number when they executed garnishments against him.

The district court[1] granted defendants' motions to dismiss. Doyle now appeals, and following de novo review, see Janson v. Katharyn B. Davis, LLC, 806 F.3d 435, 437 (8th Cir. 2015) (grant of motion to dismiss is reviewed de novo), we affirm. Doyle's FDCPA claim does not attack the underlying state court judgments, so it is not barred by the Rooker-Feldman doctrine. See id. However, his allegations that the debt was inaccurate, that he had no contractual obligation, and that defendants misrepresented the debt are precluded by the state court judgments. See Simmons v. O'Brien, 77 F.3d 1093, 1095-96 (8th Cir. 1996) (federal court must give preclusive effect to state court judgment when party against whom preclusion is asserted was a party to prior adjudication and had adequate opportunity or incentive to obtain full and fair adjudication in first proceeding). Further, Doyle's allegations of harassment and using deceptive means to collect a debt fail because he provided no specific facts as to how defendants violated the FDCPA other than his belief he did not owe the debt. Thus, the allegations are too conclusory to state a claim. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (plaintiff must allege sufficient factual matter to state claim to relief that is plausible on its face). Finally, defendants were exempt from liability

---

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

under Missouri's identity-theft law because they were collecting a debt pursuant to the Kansas and Missouri court judgments, <u>see</u> Mo. Rev. Stat. § 570.223.9(4) (law exempts from liability person who complies in good faith with, inter alia, any court order, garnishment, or other judicial or administrative order); and Trans Union was not liable under the FCRA for reporting the Citibank civil judgment, <u>see</u> <u>Cahlin v. Gen. Motors Acceptance Corp.</u>, 936 F.2d 1151, 1156-57 (11th Cir. 1991) (accurate reporting is complete defense to FCRA claim).

Accordingly, we affirm, but we modify the dismissal to be with prejudice.

_____