# United States Court of Appeals

### For the Eighth Circuit

_____

No. 15-3884
_____

John Burns

*Plaintiff - Appellant*

v.

Grisham Law Firm; Audrianna Grisham, P.A.

*Defendants - Appellees*

Fort Roots Federal Credit Union; John and Jane Does, 1-100

*Defendant*s
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock
_____

Submitted: August 29, 2016
Filed: September 1, 2016
[Unpublished]
_____

Before LOKEN, BENTON, and KELLY, Circuit Judges.
_____

PER CURIAM.

John Burns appeals the district court's[1] order granting summary judgment to Audrianna Grisham, P.A. (Grisham),[2] in his action alleging Grisham violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p, by making misrepresentations while pursuing a state-court debt-collection proceeding against Burns, and by attempting to collect attorney's fees not authorized by the agreement creating the debt.[3]

We conclude that summary judgment was properly granted. See Richmond v. Higgins, 435 F.3d 825, 828 (8th Cir. 2006) (grant of summary judgment reviewed de novo). Burns did not demonstrate a genuine issue of material fact as to whether Grisham's statements during the state-court proceedings were misleading or deceptive. See 15 U.S.C. § 1692e (prohibiting false, deceptive or misleading representations in connection with the collection of any debt); cf. Janson v. Katharyn B. Davis, LLC, 806 F.3d 435, 437 (8th Cir. 2015) (affirming dismissal of FDCPA claim where plaintiff did not allege that defendant attorneys swore to facts they knew to be false). On appeal, Burns does not challenge the district court's determination that the attorney's fees Grisham sought to collect were permitted by Arkansas law. See 15 U.S.C. § 1692f (prohibiting debt collector from collecting or attempting to collect any amount not expressly authorized by agreement creating debt or permitted by law); Hageman v. Barton, 817 F.3d 611, 619 (8th Cir. 2016) (to

---

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

[2]Burns named "Grisham Law Firm" as an additional defendant, but it was clarified during the proceedings that this entity does not exist.

[3]Burns does not challenge on appeal the disposition of his state-law claims. See Griffith v. City of Des Moines, 387 F.3d 733, 739 (8th Cir. 2004) (claims not briefed on appeal are abandoned).

succeed on claim under § 1692f, plaintiff must establish that amounts sought were not authorized by law or by contract).

Accordingly, we affirm.

_____