# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-3124

_____

Nicole Smith

*Plaintiff - Appellant*

v.

Stewart, Zlimen & Jungers, Ltd.

*Defendant - Appellee*

_____

No. 19-3128

_____

JaRonda Washington

*Plaintiff - Appellant*

v.

Stewart, Zlimen & Jungers, Ltd.

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: October 22, 2020
Filed: March 8, 2021
_____

Before BENTON, SHEPHERD, and KELLY, Circuit Judges.
_____

KELLY, Circuit Judge.

Nicole Smith and JaRonda Washington, in consolidated cases, appeal from the district court's[1] dismissal of their essentially identical claims under the Fair Debt Collection Practices Act (FDCPA) against the same debt-collecting law firm, Stewart, Zlimen & Jungers, Ltd. (SZJ). Having jurisdiction pursuant to 28 U.S.C. § 1291, we affirm the district court's judgments.

I.

These cases arise out of SZJ's collection activities related to alleged debts that Smith and Washington owed to one of SZJ's clients, LVNV Funding, LLC (LVNV). LVNV is a business that purchases consumer debts from other businesses, and SZJ is a law firm that represented LVNV in the state-court debt-collection actions at issue in these cases. On December 10, 2018, SZJ filed collection actions on behalf of LVNV against Smith and Washington in the Ramsey County Conciliation Court (Conciliation Court).[2] SZJ alleged in separate Statements of Claim (standardized, fillable forms that function as complaints in Conciliation Court) that Smith owed a debt arising out of a credit account she opened with WebBank in May 2015 and that Washington owed a debt arising out of a credit account she opened with Credit One

---

[1]The Honorable Eric C. Tostrud, United States District Judge for the District of Minnesota.

[2]In Minnesota, Conciliation Court is also known as "small claims" court and adjudicates general claims of $15,000 or less. See Conciliation Court (Small Claims Court), Minn. Jud. Branch, https://www.mncourts.gov/Help-Topics/Conciliation-Court.aspx (last visited Feb. 5, 2021).

-2-

Bank in August 2008.[3]  SZJ further alleged that these credit accounts had been acquired by LVNV, which sued as the accounts' current owner.

Central to these appeals, SZJ alleged in the first paragraph of each Statement of Claim the amount it sought to recover from Smith and Washington, respectively. SZJ alleged in the Statement of Claim against Smith that she owed "$497.76 plus filing fee of $85.00, for a total of $582.76, plus disbursements." Similarly, it alleged in the Statement of Claim against Washington that she owed "$1,455.44 plus filing fee of $85.00, for a total of $1,530.44, plus disbursements."

On February 15, 2019, counsel for Smith and Washington appeared in the Conciliation Court to contest liability.  They challenged whether SZJ (on LVNV's behalf) possessed, or could present evidence establishing, a valid and complete chain of assignment for the alleged debts between the original creditors and LVNV.  The only document SZJ presented to the court was a "redacted computer printout that was not the actual attachment to any of the alleged bills of sale between the Original Creditor[s] and [LVNV]."  On February 28, 2019, the Conciliation Court agreed with Smith and Washington and dismissed LVNV's claims for lack of standing, noting that LVNV "failed to provide evidence that the particular debt at issue was included in the assignment referenced in the documentation or bill of sale."

In March 2019, Smith and Washington filed complaints in the District of Minnesota alleging that SZJ's conduct in bringing the state court debt-collection actions violated the FDCPA.  First, they alleged that SZJ violated 15 U.S.C. § 1692e by alleging in the Statements of Claim that Smith and Washington owed

---

[3]Smith and Washington attached to their federal complaints the Statements of Claim and the Conciliation Court's Amended Standing Order.  We treat these materials as part of the pleadings.  See Greenman v. Jessen, 787 F.3d 882, 887 (8th Cir. 2015) (noting that although we "generally may not consider materials outside the pleadings," we may "consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings," including "exhibits attached to the complaint" (cleaned up)).

disbursements, in addition to alleged debts and the filing fee, "despite there being no possible entitlement to such additional disbursements, and no intention in SZJ's part to seek to recover [any disbursements]." Second, they alleged that SZJ violated 15 U.S.C. § 1692f by bringing debt-collection lawsuits without sufficient evidence to establish a valid and complete chain of assignment between Smith and Washington's original creditors and LVNV, in violation of the Conciliation Court's Amended Standing Order, see infra Section II.B, which governed the type of admissible evidence a plaintiff had to possess and present to the court to pursue a consumer credit lawsuit.

The district court granted SZJ's motion to dismiss both lawsuits. See Fed. R. Civ. P. 12(b)(6). First, the court determined that Smith and Washington had failed to state a claim under § 1692e that SZJ used any "false, deceptive, or misleading representations or means" by seeking disbursements in the Statements of Claim. It treated the challenged statements as "the equivalent of the prayer for relief in a typical district-court complaint" and further held that Smith and Washington failed to allege any facts that would support a finding that SZJ made the claim for disbursements in bad faith. Second, the court determined that SZJ had not used unfair or unconscionable collection means in violation of § 1692f when it failed to present sufficient documentation in the Conciliation Court to establish standing. The court reasoned that the FDCPA "was not meant to convert every violation of a state debt collection law into a federal violation" and likewise that SZJ's failure to satisfy the Amended Standing Order's evidentiary standards did not violate the FDCPA.

II.

"We review the grant of a motion to dismiss de novo, accepting the factual allegations in the complaint as true and making all reasonable inferences in favor of the plaintiff." Janson v. Katharyn B. Davis, LLC, 806 F.3d 435, 437 (8th Cir. 2015). To survive a motion to dismiss, "[t]he complaint must contain sufficient factual matter to state a plausible cause for relief." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." Haney v. Portfolio Recovery Assocs., L.L.C., 895 F.3d 974, 981 (8th Cir. 2016) (per curiam) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Iqbal, 556 U.S. at 678).

The FDCPA was enacted "to eliminate abusive debt collection practices," McIvor v. Credit Control Servs., Inc., 773 F.3d 909, 913 (8th Cir. 2014) (quoting 15 U.S.C. § 1692(e)), and "imposes civil liability on debt collectors for certain prohibited debt collection practices." Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 576 (2010) (cleaned up). Although initially exempted from the FDCPA's definition of "debt collector," see Hemmingsen v. Messerli & Kramer, P.A., 674 F.3d 814, 817 (8th Cir. 2012), "lawyers who regularly, through litigation, attempt to collect consumer debts" on behalf of their clients are debt collectors governed by the FDCPA. Jerman, 559 U.S. at 593 (citing Heintz v. Jenkins, 514 U.S. 291, 292 (1995)); see also 15 U.S.C. § 1692a(6) (defining "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another"). The parties agree that SZJ is a "debt collector" for purposes of the FDCPA.

A.

First, Smith and Washington argue the district court erred in dismissing their § 1692e claims, which alleged that SZJ falsely represented in the Statements of Claim that LVNV was owed disbursements. The FDCPA broadly prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Without limiting the general application of that provision, the FDCPA provides specific examples of prohibited actions, including:

-5-

(2) The false representation of—

    (A) the character, amount, or legal status of any debt . . . .

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

Id. § 1692e(2), (5), (10). "When evaluating whether a communication is false, deceptive, or misleading, we consider the perspective of an 'unsophisticated consumer.'" Janson, 806 F.3d at 437 (quoting Peters v. Gen. Serv. Bureau, Inc., 277 F.3d 1051, 1055 (8th Cir. 2002)). "The standard protects consumers with below-average sophistication or intelligence, but it also contains 'an objective element of reasonableness' which precludes liability based on 'bizarre or idiosyncratic interpretations' of collection activity." Id. (quoting Peters, 277 F.3d at 1055).

We have previously recognized that a debt collector's representations made to third parties, including courts adjudicating consumer credit lawsuits, may support liability under § 1692e. See Hemmingsen, 674 F.3d at 818; Haney, 895 F.3d at 989–90. In Hemmingsen v. Messerli & Kramer, P.A., we rejected the categorical rule that "false statements not made directly to a consumer debtor are never actionable under § 1692e." 674 F.3d at 818. There, the alleged false representations were made by the defendant debt-collecting law firm in an affidavit in support of its motion for summary judgment. See id. at 816. We reasoned that although the affidavit was not a representation made directly to the consumer debtor, "such representations routinely come to the consumer's attention and may affect his or her defense of a collection claim." Id. at 818. Therefore, pleadings submitted to a court can support liability under § 1692e. See id.

We also stressed in <u>Hemmingsen</u> that determining whether representations made to a third party are "false, deceptive, or misleading" so as to violate § 1692e requires a "case-by-case" approach. <u>Id.</u> at 819. We suggested, for example, that a claim that "the defendant debt collector lawyer routinely files collection complaints containing intentionally false assertions of the amount owed, serves the complaints on unrepresented consumers, and then dismisses any complaint that is not defaulted" would likely establish a violation of § 1692e. <u>Id.</u> at 818. Nevertheless, we ultimately concluded that the affidavit at issue in <u>Hemmingsen</u> did not involve comparable conduct because it merely supported and reflected the law firm's good faith legal position that the consumer was liable for the alleged debt. <u>Id.</u> at 819. Because such a statement of a party's good faith legal position was not a "false, deceptive, or misleading representation," it did not violate § 1692e.

In <u>Haney v. Portfolio Recovery Assocs., L.L.C.</u>, we applied <u>Hemmingsen</u> to representations made in a debt-collection complaint's prayer for relief. 895 F.3d at 989. There, the defendant debt collector alleged that the consumer debtor owed statutory pre-judgment interest on the accrued contractual interest on the alleged debt. <u>See id.</u> at 979, 987. Even though we determined that this "interest-on-interest" was not permitted under Missouri law, the prayer for relief was not a false, deceptive, or misleading representation because "the claim for that amount in the petition was a statement directed to the court, and it was a good faith legal position on a point of unsettled Missouri law." <u>Id.</u> at 989. Because the debt collector's prayer for relief was "a far cry from the unfair and abusive scenario contemplated in <u>Hemmingsen</u>," it did not support a claim for liability under § 1692e. <u>Id.</u> at 990.

In an effort to distinguish these cases, Smith and Washington first contend that the representations here—that Smith and Washington each owed LVNV some amount of outstanding debt, an $85 filling fee, "*plus disbursements*"—were not contained in prayers for relief. Smith and Washington point out that SZJ's requests for disbursements were "contained in the numbered paragraphs" toward the top of the Statements of Claim form, rather than in a section entitled "Prayer for Relief" or in a "wherefore" clause. But in doing so, they place form over substance. A prayer

for relief is "[a] request addressed to the court and appearing at the end of a pleading; esp., a request for specific relief or damages." *Prayer for Relief*, Black's Law Dictionary (11th ed. 2019). We agree with the district court that the request for disbursements came in "the equivalent of the prayer for relief in a typical district-court complaint." Although the requests appeared toward the beginning of the Statements of Claim, they were directed to the court and were part of SZJ's reasonable request for specific relief. See id. Therefore, to state a claim under § 1692e, Smith and Washington must allege some conduct showing that the challenged request for disbursements was not simply SZJ's good faith legal position. See Haney, 895 F.3d at 989–90.

Next, Smith and Washington argue that the district court erroneously imposed a new element onto § 1692e claims by requiring them to specifically plead that SZJ acted in bad faith when it requested disbursements. That argument, however, misreads the district court's analysis, which properly applied this court's holdings in Hemmingsen and Haney. In those cases, we recognized that although representations made to third parties (*e.g.*, courts) can be "false, deceptive, or misleading," a party does not violate § 1692e by articulating its "good faith legal position" in its "prayer for relief." Haney, 895 F.3d at 989–90; see Hemmingsen, 674 F.3d at 818–19. Indeed, holding debt collectors liable for good faith yet nonmeritorious attempts to collect owed debts would run afoul of "the FDCPA's apparent objective of preserving creditors' judicial remedies." Hemmingsen, 674 F.3d at 819 (cleaned up). The district court did not impose a new element onto § 1692e claims—it merely recognized that a plausible claim for relief based on a debt collector's alleged misrepresentations made to a third party must allege facts establishing that those representations were false, deceptive, or misleading under the circumstances.

Smith and Washington rely on two conclusory paragraphs from their complaints to argue they stated a claim under § 1692e. They allege that "[t]here was no possibility of SZJ incurring any additional recoverable 'disbursements' . . . over and above the amount of the alleged debt and the filing fee" and that "SZJ ha[d] no

intention of seeking to recover any 'disbursements.'" However, as the district court noted, SZJ could have recovered disbursements if it had prevailed in the Conciliation Court, including to cover the cost of service fees, referee's fees, service of documents, certified copies of papers and records in a public office, and witness fees. See Minn. Gen. R. Prac. 516 ("The order for judgment . . . may include all or part of disbursements incurred by the prevailing party which would be taxable in district court . . . ."); Minn. Stat. § 549.04 subdiv. 1 ("In every action in a district court, the prevailing party . . . shall be allowed reasonable disbursements paid or incurred, including fees and mileage paid for service of process . . . ."); see also 23 *Minn. Prac., Trial Handbook for Minn. Lawyers* § 43:6 (2020-2021 ed.) (enumerating common examples of disbursements recoverable under Minnesota law). Because Smith and Washington did not plead any additional facts to indicate that SZJ took anything but a good faith legal position in its prayer for relief, the complaints failed to state plausible claims that SZJ made false, deceptive, or misleading representations in violation of § 1692e. See Iqbal, 556 U.S. at 678 (noting that, when considering a motion to dismiss, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

B.

Second, Smith and Washington appeal the dismissal of their § 1692f claims, which alleged that SZJ brought debt-collection actions against them in the Conciliation Court without sufficient evidence to establish a valid and complete chain of assignment of the debt. The FDCPA prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation)" not "permitted by law" is one such unfair or unconscionable means prohibited by the FDCPA. Id. § 1692f(1).

At the time SZJ filed debt-collection lawsuits on behalf of LVNV against Smith and Washington, the Conciliation Court had adopted an Amended Standing Order that applied to "all litigants in consumer credit cases." That order provided, in pertinent part:

> 10. A party seeking judgment against a consumer on a consumer credit lawsuit shall possess and present to the court:

> > e. admissible evidence establishing a valid and complete chain of assignment of the debt from the original creditor to the party requesting judgment, including documentation or a bill of sale evidencing the assignment with evidence that the particular debt at issue was included in the assignment referenced in the documentation or bill of sale.

Ramsey Cnty. Second Jud. Dist., Amended Standing Order, Consumer Credit Case Management Program (Sept. 23, 2016). Smith and Washington argue that SZJ violated § 1692f(1) because it tried to establish LVNV's standing to sue using evidence (*i.e.*, a redacted computer printout) that did not satisfy the Amended Standing Order. The Conciliation Court ultimately determined that SZJ's proffered evidence failed to demonstrate that LVNV was assigned the particular debts at issue. From this determination, Smith and Washington reason that SZJ's pursuit of the debt-collection lawsuits was an attempt to collect an amount not permitted by law in violation of § 1692f(1).

We have previously recognized that even relatively minor violations of state collection law may support a claim under § 1692f(1). See, e.g., Duffy v. Landberg, 215 F.3d 871, 873, 875 (8th Cir. 2000) (permitting § 1692f(1) claim where the debt collector sought an amount not "permitted by law," namely, interest charges on alleged debts that were overstated by no more than $2). However, we have cautioned that "the FDCPA 'was not meant to convert every violation of a state debt collection law into a federal violation.'" Klein v. Credico Inc., 922 F.3d 393, 397 (8th Cir.

2019) (quoting <u>Carlson v. First Revenue Assurance</u>, 359 F.3d 1015, 1018 (8th Cir. 2004)); <u>see also</u> <u>Haney</u>, 895 F.3d at 988 ("As a general matter, state collection law and the FDCPA are not coextensive—sections 1692e and 1692f are not federal enforcement mechanisms intended to reach every violation of state collection law."). In <u>Klein v. Credico Inc.</u>, we dismissed a claim that a debt collector violated § 1692f(1) by sending to a creditor a debt collection letter signed by three individuals, one of whom was not licensed to collect consumer debts in Minnesota. <u>See</u> 922 F.3d at 395–97. Even though doing so was a technical violation of Minnesota collection law, <u>see</u> Minn. Stat. § 332.33 ("[N]o person shall . . . engage within this state in the business of collecting claims for others without having first applied for and obtained a collection agency license." (cleaned up)), we held that it was not an unfair or unconscionable means to attempt to collect a debt in violation of § 1692f(1). <u>See</u> <u>Klein</u>, 922 F.3d at 397 (noting, among other things, that the other two signatories were licensed to collect debts in Minnesota). Similarly, in <u>Carlson v. First Revenue Assurance</u>, we held that even if a debt collector violated Minnesota collection law by not maintaining a license for a bank that processed debt payments on its behalf, that would not constitute an FDCPA violation. <u>See</u> 359 F.3d at 1018.

Although SZJ did not satisfy the Amended Standing Order's evidentiary standard when it brought debt-collection lawsuits against Smith and Washington in Conciliation Court, failing to do so was not a violation of § 1692f(1). That provision protects consumers from "being subjected to attempts to collect debts not owed." <u>Demarais v. Gurstel Chargo, P.A.</u>, 869 F.3d 685, 691, 699 (8th Cir. 2017) (emphasis added). In <u>Demarais</u>, the plaintiff stated an actionable claim under § 1692f(1) by alleging that the debt collector sent a collection letter *after* it dismissed its debt-collection lawsuit against the plaintiff with prejudice—thereby attempting to collect a debt not owed. <u>Id.</u> at 696, 699. We have likewise permitted § 1692f(1) claims to proceed where a debt collector sought to collect interest that was not available under applicable law. <u>See, e.g.</u>, <u>Haney</u>, 895 F.3d at 987–89 (attempt to collect compound interest); <u>Coyne v. Midland Funding LLC</u>, 895 F.3d 1035, 1038–39 (8th Cir. 2018) (same); <u>Duffy</u>, 215 F.3d at 875 (attempt to collect overstated interest calculations). In contrast, we have affirmed the dismissal of § 1692f(1) claims where the debt

collector sought to collect interest whose availability was at the time legally uncertain.  See, e.g., Hill v. Accts. Receivable Servs., LLC, 888 F.3d 343, 346–47 (8th Cir. 2018) (attempt to collect pre-judgment interest); Klein, 922 F.3d at 397–98 (same).

In their complaints, Smith and Washington do not allege that SZJ sought to collect debts that were not in fact owed.  Rather, they allege that SZJ lacked evidence sufficient to demonstrate that its client had standing to sue on those debts.  Even though SZJ failed to meet its evidentiary burden as set forth in the Amended Standing Order, it was nevertheless entitled to bring a good faith claim to collect the alleged debts.  See Hemmingsen, 674 F.3d at 819 (noting "the FDCPA's apparent objective of preserving creditors' judicial remedies" (cleaned up)).  Smith and Washington do not allege any facts to suggest that SZJ was doing anything to the contrary; without more, they fail to state a plausible claim for relief under § 1692f(1).

## III.

For the foregoing reasons, we affirm the judgments of the district court.

_____