# United States Court of Appeals
### For the Eighth Circuit

_____

No. 13-2555
_____

Julie Quale; Paul Quale

*Plaintiffs - Appellants*

v.

Aurora Loan Services, LLC; Mortgage Electronic Registration System, Inc.; and also all other persons, unknown claiming any right, title, estate, interest, or lien in the real estate described in the complaint herein

*Defendants - Appellees*

Wilford, Geske & Cook, P.A.

*Defendant*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: December 12, 2013
Filed: April 10, 2014
[Unpublished]

_____

Before MURPHY, SHEPHERD, and KELLY, Circuit Judges.

_____

PER CURIAM.

Appellants, Julie and Paul Quale, are homeowners attempting to stop the foreclosure of their home. The Quales brought suit in Minnesota state court against Aurora Loan Services, LLC ("Aurora") and its foreclosure counsel Wilford, Geske & Cook, P.A. ("Wilford"). Aurora removed the case to federal court under diversity jurisdiction. The district court[1] granted Aurora's motion to dismiss, and the Quales appeal. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

In 2006, the Quales executed a mortgage in favor of MILA, Inc., listing Mortgage Electronic Registration Systems ("MERS") as the nominee. After the Quales defaulted on their loan, MERS executed an assignment of mortgage in favor of Aurora in January 2012. In May 2012, Aurora commenced foreclosure by advertisement. On May 13, 2012, a Sheriff's sale was held, and Aurora received the Sheriff's certificate for the property.

The Quales filed suit contending that Wilford "knew or had reason to know" that both the assignment of the mortgage and the foreclosure documents were executed without proper authority. The Quales argue that because the documents were not executed with proper authority, the foreclosure is void, and they remain the owners of the property. The district court concluded the complaint offered insufficient factual allegations, and its claims were "fatally implausible and speculative." Consequently, the district court granted Aurora's motion to dismiss. The district court also held, in the alternative, that: "Insofar as the Quales based their claims on the allegations that an individual lacked authority to execute the assignment of mortgage, the Court rejects this argument because the Quales lack standing to make such a challenge . . . ." The Quales appeal both grounds for dismissal.

---

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

"We review de novo the district court's grant of a motion to dismiss under Rule 12(b)(6), construing all reasonable inferences in favor of the nonmoving party." Dunbar v. Wells Fargo Bank, N.A., 709 F.3d 1254, 1256 (8th Cir. 2013) (quotation omitted). The Quales argue that in order to bring a quiet-title action under Minn. Stat. § 559.01, a complaint need only assert two things: (1) "possession [of the property] by the plaintiff"; and (2) "a claim adverse to him by the defendant." Appellants' Br. at 8. We have repeatedly rejected the proposition that these two facts alone are enough to meet the pleading requirements of Federal Rules of Civil Procedure 8 and 12. Dunbar, 709 F.3d at 1257; Karnatcheva v. JPMorgan Chase Bank, N.A., 704 F.3d 545, 548 (8th Cir. 2013). As in other recent, similar foreclosure cases, we find the Quales' complaint fails to include sufficient factual allegations to state a plausible claim on which relief can be granted.

"We review the district court's conclusion [about whether] the plaintiff had standing de novo." Hodak v. City of St. Peters, 535 F.3d 899, 903 (8th Cir. 2008) (quotation omitted). We also agree that the Quales lack standing. Quite simply, the Quales were not injured by the assignment. The party injured by an improper or fraudulent assignment is the mortgagee-assignor (mortgage holder), not the mortgagor (homeowner). "[A]ny dispute would be between the assignor and assignee." Novak v. JPMorgan Chase Bank, N.A., No. 12-00589, 2012 WL 3638513, at *6 (D. Minn. Aug. 23, 2012). Under these circumstances, "any injury to [the Quales] in losing [their] home pursuant to a foreclosure sale is not fairly traceable to the Assignment of Mortgage and is not likely to be redressed by the relief sought." Gerlich v. Countrywide Home Loans, Inc., No. 10-4520, 2011 WL 3920235, at *2–*3 (D. Minn. Sept. 7, 2011). Therefore, we find the Quales lacked standing.

The judgment of the district court is affirmed.

_____