# United States Court of Appeals

## For the Eighth Circuit

———————————————

No. 15-1527

———————————————

Raymond L. Brown; Ruth A. Brown

*Plaintiffs - Appellants*

v.

Green Tree Servicing LLC

*Defendant - Appellee*

————————

Appeal from United States District Court
for the District of Minnesota - Minneapolis

————————

Submitted: April 11, 2016
Filed: April 20, 2016

————————

Before RILEY, Chief Judge, WOLLMAN and MURPHY, Circuit Judges.

————————

RILEY, Chief Judge.

Raymond and Ruth Brown, a married couple from St. Cloud, Minnesota, sued Green Tree Servicing LLC (Green Tree) to prevent Green Tree from foreclosing on the Browns' home. The Browns alleged Green Tree lacked authority to foreclose because (1) Green Tree, as a result of an invalid assignment between creditors, did not have legal title to the mortgage on the Browns' home, and (2) Green Tree's predecessor failed to comply with the mortgage in giving the Browns notice of its

intent to accelerate the Browns' loan. The district court[1] granted Green Tree's motion to dismiss, see Fed. R. Civ. P. 12(b)(1), (6), concluding the Browns did not have standing to challenge the assignment and the Browns' notice claim failed to state a plausible claim for relief under Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). The Browns appeal, and after careful de novo review, see Mattes v. ABC Plastics, Inc., 323 F.3d 695, 697-98 (8th Cir. 2003) (standard of review), we affirm.[2]

## I.     DISCUSSION

### A.     Article III Standing

We first address whether the Browns have Article III standing to challenge an allegedly invalid mortgage assignment between creditors. See U.S. Const. art. III, § 2, cl. 1; Brown v. Medtronic, Inc., 628 F.3d 451, 455 (8th Cir. 2010). To establish standing to raise their assignment claim, the Browns must show they have "suffered a concrete and particularized injury that is fairly traceable to the challenged conduct, and is likely to be redressed by a favorable judicial decision." Hollingsworth v. Perry, 570 U.S. ___, ___, 133 S. Ct. 2652, 2661 (2013). The Browns have not done that.

The Browns' invalid assignment claim is nearly identical to the claim two homeowners asserted against a foreclosing lender in Quale v. Aurora Loan Services, LLC, 561 F. App'x 582, 582-83 (8th Cir. 2014) (unpublished per curiam). In Quale, we determined the homeowners did not have standing to raise such a claim because they "were not injured by the assignment" and any harm to the homeowners was not fairly traceable to the allegedly invalid assignment. Id. at 583 (noting the assignor,

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

[2]We have jurisdiction under 28 U.S.C. § 1291 over this removed diversity case, see 28 U.S.C. §§ 1332(a)(1), 1441, 1446.

not the homeowner, is "[t]he party injured by an improper or fraudulent assignment"). We reach the same conclusion here.

### B.     Compliance with the Mortgage

We also reject the Browns' contention that the district court erred in dismissing their amended complaint "[b]ecause the Amended Complaint, when viewed in the light most favorable to the Browns, shows that Green Tree's predecessor failed to comply with the notice requirements of Paragraph 22" of their mortgage. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). A claim is facially plausible—rather than sheerly possible—"when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although we accept the factual allegations in the Browns' amended complaint as true, we do not accept as true any "'legal conclusion couched as a factual allegation.'" Id. (quoting Twombly, 550 U.S. at 555). In reviewing the Browns' amended complaint, "we may consider documents attached to" it, including the Browns' mortgage and the notice they received. Great Plains Trust Co. v. Union Pac. R.R., 492 F.3d 986, 990 (8th Cir. 2007); see also Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

In the event of an uncured default, Paragraph 22 of the Browns' mortgage authorizes the lender, at its option, to accelerate the Browns' loan "without further demand and . . . invoke the power of sale and any other remedies permitted by" law. Before doing so, the lender must give the Browns notice by certified mail and an opportunity to cure the default. Specifically, Paragraph 22 provides in relevant part

> The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to [the Browns], by which the default must be cured; and (d) that

failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by [the Mortgage] and sale of the Property. The notice shall further inform the [Browns] of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of [the Browns] to acceleration and sale.

The Browns acknowledge they were sent a notice of intent to accelerate from their lender by certified mail, dated April 29, 2011. But they argue the notice was insufficient to comply with Paragraph 22 in three ways. The Browns allege the notice failed to (1) "'specify the action required to cure the default' as required by Paragraph 22" because it "require[d] payment of a sum certain, plus unspecified 'additional regular [monthly] payment or payments, late charges, fees and charges which become due on or before May 29, 2011'"; (2) apprise them "that they have the unconditional right to reinstate"; and (3) "give the requisite 30-days notice of default."

We agree with the district court that the Browns failed to state a facially plausible claim to relief. See Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570. First, the notice not only notified the Browns their default resulted from missed payments, but also calculated the $24,850.47 in monthly charges and late charges the Browns would have to pay to cure that default as of the date of the notice. That was sufficiently specific to comply with Paragraph 22 of the mortgage. The reference to additional charges that might accrue depending on the Browns' future conduct did not prevent the notice from specifying "the action required to cure the[ir] default."

Second, the mortgage does not give the Browns an unconditional right to reinstate, so the notice could not be deficient in failing to apprise them of such a right. Paragraph 19 of the mortgage expressly declares the Browns must "meet[] certain conditions" for reinstatement and imposes four broad conditions on the Browns' right to reinstate after acceleration and clarifies the right does not apply at all in certain circumstances.

-4-

Finally, the notice the Browns received was dated April 29 and required them to cure "on or before May 29," exactly thirty days later. In their amended complaint, the Browns reasoned notice mailed on April 29 could not have been delivered "until after that date," so they must not have received the thirty-days notice Paragraph 22 required. The Browns apparently overlooked Paragraph 15 of the mortgage, which states that any notice to the Browns in connection with the mortgage "shall be deemed to have been given . . . when mailed by first class mail." Presumably relying on their theory that the mail takes at least a day, the Browns, as noted by the district court, did not allege Green Tree's predecessor "failed to send the Notice on the date indicated on [its] face" or otherwise challenge the date the notice purports to have been given, a date which the Browns in fact accepted as accurate in alleging that date in their amended complaint. That the Browns pled the stock phrase "[o]n or about April 29" does not convince us otherwise. The district court did not err in dismissing the Browns' notice claim.

## II.  CONCLUSION

We affirm the judgment of the district court.

_____