# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-4356
_____

Paul Hill

*Plaintiff - Appellant*

v.

Accounts Receivable Services, LLC

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: December 12, 2017
Filed: April 19, 2018

_____

Before WOLLMAN, LOKEN, and MELLOY, Circuit Judges.

_____

WOLLMAN, Circuit Judge

Paul Hill brought suit against Accounts Receivable Services, LLC (Accounts Receivable), under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*, (the Act). The district court[1] granted Accounts Receivable's motion for judgment on

_____

[1] The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

the pleadings and dismissed Hill's complaint. Hill appeals, challenging the district court's interpretation of the Act. We affirm.

On October 30, 2015, Accounts Receivable filed suit against Hill on an assigned debt from Allina Health System (Allina), seeking payment for unpaid medical services totaling $2,997.63 and for statutory interest under Minnesota Statutes § 334.01. During a hearing before the Conciliation Court for the Fourth Judicial District of Minnesota, Accounts Receivable submitted exhibits—the authenticity of which Hill challenged—purporting to document the assignment. The conciliation court ruled in favor of Hill and issued its judgment on a standard form, checking a box stating that "Plaintiff has not demonstrated an entitlement to relief and recovers zero." The judgment contained no further legal analysis. Hill subsequently filed this action, alleging that Accounts Receivable's conduct before the conciliation court violated the Act. We review *de novo* the district court's ruling on a motion for judgment on the pleadings. United States v. Any & All Radio Station Transmission Equip., 207 F.3d 458, 462 (8th Cir. 2000).

Hill argues that the district court erred in its interpretation of 15 U.S.C. § 1692e and its subparts that state that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." See also 15 U.S.C. §§ 1692e(2) and 1692e(10). This includes a prohibition on threatening "to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). Hill argues that the district court erred by applying a materiality standard to these provisions. We disagree.

In Hahn v. Triumph Partnerships LLC, 557 F.3d 755 (7th Cir. 2009), the Seventh Circuit addressed whether a materiality standard applies to § 1692e. The court explained that the Act "is designed to provide information that helps consumers to choose intelligently, . . . immaterial information neither contributes to that objective (if the statement is correct) nor undermines it (if the statement is incorrect)."

Id. at 757-58 (citations omitted). The court reasoned that because "[a] statement cannot mislead unless it is material, [] a false but non-material statement is not actionable." Id. at 758. We find this reasoning persuasive. We join the Seventh Circuit and the other circuits that have applied a materiality standard to § 1692e. Id. at 757-58; Elyazidi v. SunTrust Bank, 780 F.3d 227, 234 (4th Cir. 2015); Jensen v. Pressler & Pressler, 791 F.3d 413, 421 (3d Cir. 2015); Miller v. Javitch, Block & Rathbone, 561 F.3d 588, 596 (6th Cir. 2009); Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1033 (9th Cir. 2010); see also Janson v. Katharyn B. Davis, LLC, 806 F.3d 435, 437-38 (8th Cir. 2015) (rejecting the argument that any false statement by a debt collector is a *per se* violation of § 1692e).

Hill argues that even under a materiality standard, Accounts Receivable made materially false representations by claiming that the documents submitted to the conciliation court were authentic. Hill does not deny that his family received medical care from Allina or that Allina assigned the debt to Accounts Receivable. Instead, he argues that Accounts Receivable cannot "acquir[e] documentation to establish its debt collection claims" and that the documents submitted to the conciliation court contained a number of false statements.[2] In Hemmingsen v. Messerli & Kramer, P.A., 674 F.3d 814, 820 (8th Cir. 2012), we explained that a debt collector's loss of a collection action—standing alone—does not establish a violation of the Act. "[T]he fact that a lawsuit turns out ultimately to be unsuccessful" does not "make the bringing of it an 'action that cannot legally be taken.'" Id. (quoting Heintz v. Jenkins,

---

[2]Hill disputes the following: (1) although the conciliation court complaint alleged that Hill owed $3,687.62 on an account stated, that amount included statutory interest that would not have been on the account stated Hill received; (2) one of the documents submitted to the conciliation court falsely stated that Accounts Receivable is a division of Allina; (3) two documents stated that the assignment was "hereby" made from Allina to Accounts Receivable, which could not be true because only one document could assign the rights; and (4) one document stated that Accounts Receivable was to "select an experienced agency to pursue collection of the accounts," which it did not do.

514 U.S. 291, 295-96 (1995)). Accounts Receivable's inadequate documentation of the assignment did not constitute a materially false representation, and the other alleged inaccuracies in the exhibits are not material.

Hill also argues that Accounts Receivable violated the Act by engaging in unfair practices. Under 15 U.S.C. § 1692f, "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." Included within that definition is "[t]he collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). Hill argues that Accounts Receivable violated these provisions by attempting to collect interest under Minnesota Statutes § 549.09. Accounts Receivable's conciliation court complaint, however, sought interest under Minnesota Statutes § 334.01. Whether § 334.01 applies to Accounts Receivable's conciliation court claim is a question of Minnesota law that has not been decided by the Minnesota Supreme Court. Hogenson v. Hogenson, 852 N.W.2d 266, 272-74 (Minn. Ct. App. 2014). Furthermore, the text of § 334.01 does not prohibit Accounts Receivable from recovering such interest. That Hill may have had a valid legal defense to the application of the statute does not mean that Accounts Receivable attempted to collect interest that is not permitted by law.

The judgment is affirmed.

_____

-4-