# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 17-2826

———————————————

David Coyne, on behalf of himself and all others similarly situated

*Plaintiff - Appellant*

v.

Midland Funding LLC; Midland Credit Management, Inc.

*Defendant*s

Messerli & Kramer P.A.

*Defendant - Appellee*

—————————

Appeal from United States District Court
for the District of Minnesota - Minneapolis

—————————

Submitted: June 13, 2018
Filed: July 16, 2018

—————————

Before WOLLMAN, ARNOLD, and KELLY, Circuit Judges.

—————————

ARNOLD, Circuit Judge.

In 2016, Minnesota resident David Coyne received three collection letters about a credit-card debt in his name. The law firm of Messerli & Kramer P.A. sent

him the first letter, asserting he owed an "account balance of $17,230.29 consist[ing] of the principal balance of $13,205.30 and interest of $3,871.39 at the rate of 6.00% plus incurred costs of $153.60." Another debt collector, Midland Credit Management, Inc., sent him the other letters on behalf of the debt's current owner, Midland Funding LLC, but those parties and letters are not before us in this appeal.

Coyne filed a putative class action against Midland Funding and the two debt collectors under the Fair Debt Collection Practices Act, *see* 15 U.S.C. § 1692k(d), claiming they used a "false, deceptive, or misleading representation or means," *see id.* § 1692e, and an "unfair or unconscionable means," *see id.* § 1692f, in attempting to collect the credit-card debt when they told him, among other things, that he owed interest on the debt's principal balance. In his amended complaint, Coyne alleges that the principal balance included contractual interest. He also alleges that since the underlying credit-card agreement does not authorize the charging of compound interest (*i.e.*, interest on the contractual interest), the defendants falsely represented the amount of the debt and impermissibly tried to collect interest that they could not charge under Minnesota law. *See* Minn. Stat. § 334.01(1) (setting forth the rule that "[i]n the computation of interest upon any . . . instrument or agreement, interest shall not be compounded" unless the parties have contracted for compound interest). Coyne attached all three collection letters to his amended complaint. *See Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 373 (8th Cir. 2016).

When Midland Funding and the debt collectors moved the district court to dismiss the amended complaint for failing to state a claim, the district court granted the motion and dismissed the action on the ground that Coyne failed to allege that any statement in the collection letters "was not only false but materially so." The district court explained why some of the statements Coyne had contested did not violate the FDCPA, but it did not discuss whether he had pleaded a claim based on the charging and attempted collection of compound interest that state law did not allow. Coyne moved the district court for leave to file a motion to reconsider, but the district court

denied him leave since it had determined that the representations in the letters "regarding interest were either not material or did not violate the FDCPA." Coyne appeals from the judgment dismissing his complaint, and we reverse.

We review de novo a district court's dismissal of a complaint for failing to state a claim, "accepting the factual allegations in the complaint as true and viewing them in the light most favorable to the plaintiff." *United States ex rel. Ambrosecchia v. Paddock Labs., LLC*, 855 F.3d 949, 954 (8th Cir. 2017). The only claim that Coyne seeks to resuscitate against Messerli is that it violated 15 U.S.C. §§ 1692e and 1692f by attempting to collect, and representing he owed, compound interest on the debt. The amended complaint, moreover, alleges facts against Messerli only in relation to its letter to Coyne. So as Coyne conceded at oral argument, we now have only one issue to review: Whether Coyne stated a FDCPA claim when he alleged that since the debt's principal balance included contractual interest and since "compounded interest upon interest" was "not expressly authorized by the agreement creating the debt," the interest on the principal balance that Messerli's letter tried to collect, and said that he owed, was compound interest "in violation of Minn. Stat. § 334.01."

The FDCPA is a consumer-protection statute authorizing private lawsuits and weighty fines to deter wayward collection practices. *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1720 (2017). The statute prohibits a debt collector from asserting any "false, deceptive, or misleading representation," or using any "unfair or unconscionable means," to attempt to collect a debt. *See* 15 U.S.C. §§ 1692e, 1692f. In determining whether a collection letter sent directly to a debtor uses a prohibited representation or means, we normally view it "through the eyes of the unsophisticated consumer." *Freyermuth v. Credit Bureau Servs., Inc.*, 248 F.3d 767, 771 (8th Cir. 2001). That standard is designed to protect consumers of below average intelligence or sophistication. *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir. 2004). Coyne may well be sophisticated since he is a licensed attorney, and if he were "interposed as an intermediary" between a debt collector and a debtor in another

case, we would apply the "competent lawyer" standard to collection letters sent to him in his capacity as the debtor's counsel. *See Powers v. Credit Mgmt. Servs., Inc.*, 776 F.3d 567, 574 (8th Cir. 2015). Though the parties below disputed which standard should apply to a collection letter sent to a debtor who is a lawyer, Messerli does not contest the district court's holding that the unsophisticated-consumer standard applies. So we assume for purposes of the appeal that Messerli's letter must be evaluated from the perspective of an unsophisticated consumer.

It is undisputed that Minnesota law governs Coyne's alleged credit-card debt. Minn. Stat. § 334.01(1) provides that "[i]n the computation of interest upon any . . . instrument or agreement, interest shall not be compounded" unless there is a "contract to pay [such] interest." *See Lampert Lumber Co. v. Ram Constr.*, 413 N.W.2d 878, 883 (Minn. Ct. App. 1987). Coyne alleges he did not agree to pay compound interest on the debt, and at this stage we must accept that allegation as true. *See Paddock Labs.*, 855 F.3d at 954. He further alleges that the debt's principal balance already contained contractual interest. The district court agreed that an unpaid credit-card debt sold to another party would include "the interest and fees [the credit-card company] originally charged." Neither party contests that ruling on appeal, and so we hold that Coyne has plausibly alleged that the principal balance that Messerli's letter mentions contained contractual interest. *Cf. Haney v. Portfolio Recovery Assocs., L.L.C.*, 837 F.3d 918, 921, 924 (8th Cir. 2016) (per curiam).

It is also plausible that the interest charged on the principal balance included interest on the contractual interest: Messerli's letter to Coyne was dated February 26, 2016, and it asserted that he owed "interest of $3,871.39 at the rate of 6.00%" on "the principal balance of $13,205.30." This amount of interest is approximately what would accrue on the principal balance under an annual rate of 6.00% simple interest from the date the credit-card company sold the debt—April 14, 2011, according to the final debt-collection letter—to the date of Messerli's letter. So if the principal balance has contractual interest in it, the interest sought in Messerli's letter would include

-4-

interest on that contractual interest. We thus hold that Coyne has plausibly alleged that Messerli tried to collect, and told him that he owed, an amount and a type of interest that state law prohibited in the circumstances.

In *Haney*, we held under the unsophisticated-consumer standard that a debtor stated a claim under 15 U.S.C. §§ 1692e and 1692f(1) when he alleged that a debt-collection letter had sought to collect, and informed him he owed, "an interest-on-interest amount not allowed as a matter of state law." *Id.* at 931–32. We reasoned that, under the unsophisticated-consumer standard, demands to pay an amount of debt "unauthorized . . . or even 'slightly overstated'" under state law is actionable as a false statement or unfair collection attempt. *See id.* at 932. But in *Haney* we did not address whether attempts to collect a debt amount that the debtor does not legally owe are a material violation of §§ 1692e and 1692f. We have since established that a materiality standard applies to § 1692e. *Hill v. Accounts Receivable Servs., LLC*, 888 F.3d 343, 346 (8th Cir. 2018). We have not yet stated whether the standard also applies to § 1692f, but we need not decide that issue today since "an attempt to collect a debt not owed is a material violation of § 1692f(1)." *Demarais v. Gurstel Chargo, P.A.*, 869 F.3d 685, 699 (8th Cir. 2017).

We now hold that a false representation of the amount of a debt that overstates what is owed under state law materially violates 15 U.S.C. § 1692e(2)(A) as well. It is material not only because the representation violates the plain language of that subsection prohibiting the "false representation" of the "amount" of "any debt," but also because an overstatement of the debt's amount necessarily misleads the debtor about the amount he owes under his agreement with the creditor. *See Hill*, 888 F.3d at 345–46; *cf. Demarais*, 869 F.3d at 699. So the district court erred in holding that the allegation under review—that Messerli's letter to Coyne attempted to collect, and asserted he owed, compound interest in violation of Minn. Stat. § 334.01—did not state a plausible claim under §§ 1692e and 1692f.

Messerli argues nonetheless that it did not violate the FDCPA since the amount of interest stated in its letter to Coyne was contractually authorized. That may prove to be true. But at the pleading stage we must accept Coyne's allegation that he did not agree to be charged compound interest and so may not be charged it. *See* Minn. Stat. § 334.01(1). Messerli maintains we must calculate the interest Coyne may be charged under some credit-card terms it attached to its motion to dismiss, asserting the district court considered them "governing" and Coyne did not object to their authenticity. But Messerli is wrong. In his opposition to the motion, Coyne specifically contested the terms as "unauthenticated," noting they were "boilerplate" and did not "identify [him] as a party" to them. He also noted that Messerli provided no reason to believe the terms were in any way related to the underlying credit card "aside from [a Messerli attorney] just unilaterally stating that those are the terms . . . that applied." Since Coyne questioned the applicability of the terms, we may not consider them in reviewing the sufficiency of his complaint. *Ryan v. Ryan*, 889 F.3d 499, 505 (8th Cir. 2018). The district court, moreover, did not consider those terms when it granted the motion: Instead of looking to the interest provisions in the terms Messerli proffered, the district court simply noticed that a credit card's terms "always include interest." We express no view on the propriety of that notice. *See* Fed. R. Evid. 201(b). The notice did not help Messerli in any event since the notice taken said nothing about terms authorizing compound interest.

Since the amended complaint and the documents it necessarily embraces do not indicate the interest rates that apply to the debt, we have no occasion to consider Messerli's argument that a debt collector may try to collect compound interest (which state law does not allow) without materially violating the FDCPA so long as the total amount of interest sought does not exceed the maximum amount permitted under the debtor's contract. Messerli contends the district court held that requesting less interest than the amount owed does not materially violate the FDCPA, but that is simply not correct. Nothing in the district court's orders granting the motion to dismiss and denying Coyne leave to file a motion to reconsider supports Messerli's representation.

At oral argument, Messerli further asserted that the district court had correctly noted that its letter to Coyne "was not a collection letter," but Messerli errs again: The district court did not make that observation, and it was not even in a position at the pleading stage to do so since that observation would have conflicted not only with the allegations in the amended complaint, but also with the declaration printed on the letter's face that it "is from a debt collector and is an attempt to collect a debt."

We reverse the judgment of the district court only as to Coyne's claim against Messerli that it violated 15 U.S.C. §§ 1692e and 1692f when it attempted to collect, and represented he owed, compound interest on the debt in violation of Minnesota law. We remand the case for further proceedings on that claim.

_____