# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2637
_____

Anthony Markel

*Plaintiff - Appellant*

v.

Douglas Technologies Group, Inc., a California corporation, doing business as
Douglas Wheel Technologies

*Defendant - Appellee*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: June 16, 2020
Filed: August 6, 2020
_____

Before KELLY, ERICKSON, and STRAS, Circuit Judges.
_____

ERICKSON, Circuit Judge.

During the last lap of a flat-track race in Ogilvie, Minnesota, Anthony Markel was injured after being thrown from his all-terrain vehicle ("ATV") when its right rear wheel came off. Markel sued Douglas Technologies Group, Inc. ("DTG"), the

manufacturer of the wheel, seeking redress for his injuries. The district court[1] granted summary judgment in favor of DTG on all of Markel's claims. Markel appeals. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

While Markel's complaint alleges five causes of action, including (1) product liability, (2) negligence, (3) breach of implied warranty, (4) failure to warn, and (5) post-sale failure to warn, the first three claims merge by operation of law under Minnesota's single product-liability theory. Bilotta v. Kelley Co., 346 N.W.2d 616, 623 & n.3 (Minn. 1984); accord Green Plains Otter Tail, LLC v. Pro-Envtl., Inc., 953 F.3d 541, 545–46 (8th Cir. 2020) (applying Minnesota law). Markel has abandoned his post-sale failure-to-warn claim by not including any argument on the issue in his brief. U.S. ex rel. Ambrosecchia v. Paddock Labs., LLC, 855 F.3d 949, 954 (8th Cir. 2017) ("Claims not raised in an opening brief are deemed waived . . . ." (alteration and quotation marks omitted)).

We address the two remaining product liability and failure-to-warn claims. Markel argues that the DTG wheels he was using were not built to withstand the rigors of flat-track racing; that he had no way of realizing the wheels were inadequate because they were practically indistinguishable from the sturdier racing wheels sold by DTG; and that DTG failed to adequately warn that the wheels were not suited for racing conditions. Markel claims the substandard design and labeling of his DTG wheels are responsible for the injuries he sustained in his ATV accident.

We review the district court's grant of summary judgment *de novo*, viewing the evidence in the light most favorable to Markel and affirming only if there is no genuine issue of material fact such that DTG is entitled to judgment as a matter of law. Gibson v. Concrete Equip. Co., 960 F.3d 1057, 1062 (8th Cir. 2020). We

---

[1]The Honorable Susan Richard Nelson, United States District Judge for the District of Minnesota.

conclude that Markel has failed to provide evidence on an essential element of each claim, making summary judgment appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

In order to prove his product-liability claim Markel had to show that (1) the DTG wheels on his ATV were in a defective condition unreasonably dangerous for their intended use, (2) the defect existed when the wheels left DTG's control, and (3) the defect proximately caused Markel's injuries. Bilotta, 346 N.W.2d at 623 n.3. Expert testimony is necessary to get a product-liability claim past summary judgment when the product at issue and any of its relevant inner workings are beyond the ken of a lay jury. See Atwater Creamery Co. v. W. Nat'l Mut. Ins. Co., 366 N.W.2d 271, 279 (Minn. 1985); see also Wagner v. Hesston Corp., 450 F.3d 756, 761 & n.9 (8th Cir. 2006) (applying Minnesota law to affirm grant of summary judgment in product-liability case where there was no admissible expert testimony regarding design defect in hay baler).

Markel's claim depends on an assessment of the appropriate strength and design of aluminum ATV racing wheels. Such an assessment necessarily involves complex mathematical and engineering concepts that a lay juror cannot be expected to understand without the help of an expert. Markel asserts that his expert provided the requisite background, and in particular an opinion regarding the alleged design defect in and dangerousness of DTG's wheel. This contention, however, is belied by the expert's report and by the expert's deposition testimony, in which he specifically disclaims an opinion as to whether the subject wheel had a design defect that made it unreasonably dangerous. Summary judgment is appropriate in favor of DTG on Markel's product-liability claim.

To prevail on his failure-to-warn claim Markel must demonstrate that (1) DTG had a duty to warn, (2) DTG breached its duty by providing an inadequate warning, and (3) the inadequate warning caused Markel's injuries. See Balder v. Haley, 399

N.W.2d 77, 81 (Minn. 1987); <u>Green Plains Otter Tail, LLC</u>, 953 F.3d at 548 (applying Minnesota law). The summary-judgment record is completely devoid of evidence that an inadequate warning caused Markel's injuries. During a deposition Markel's counsel referred to an alleged statement by Markel that he would not have used the DTG wheels if he had known they were not meant for racing, but this hearsay cannot on its own save Markel's failure-to-warn claim. <u>Firemen's Fund Ins. Co. v. Thien</u>, 8 F.3d 1307, 1310 (8th Cir. 1993) ("Inadmissible hearsay evidence alone may not defeat a summary judgment motion."). Without any admissible evidence to support one of the claim's necessary elements, DTG is entitled to summary judgment.

We affirm.

_____